IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SERGUEI GOLOVAN, | ) |
| Plaintiff, | ) C. A. No. 1:13-cv-00862-RGA |
| v. | ) |
| UNIVERSITY OF DELAWARE, ET AL., | ) |
| Defendants. | ) |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants the University of Delaware[1], Jack Gelb, Jr., Mark Rieger, and Robin Morgan (together, the "Defendants"), respond to Plaintiff Serguei Golovan's[2] Complaint as follows:

### Introduction

1. No response is required to this paragraph as it simply summarizes the claims Golovan asserted in his Complaint. To the extent there are factual allegations contained in this paragraph, they are denied.

2. Admitted that Golovan was hired as a tenure-track Assistant Professor in the Department of Animal and Food Sciences at the University effective September 1, 2008 and that the terms of Golovan's employment contract required renewal after Golovan's second year. Admitted that Golovan's contract was renewed in 2010. Admitted also that Golovan was not re-appointed at the end of his fourth year (2011-2012) and that the University provided Golovan with a terminal year of employment during the 2012-2013 school year. Defendants deny the remaining allegations contained in this paragraph.

---

[1] Hereafter the "University".

[2] Also referred to herein as "Golovan" and "Plaintiff".

3. The allegations contained in this paragraph assert legal conclusions to which no response is required. To the extent that factual allegations are made within this paragraph, they are denied.

4. Admitted only that Golovan's employment is scheduled to end on August 31, 2013. The remaining allegations in this paragraph are denied.

## Jurisdiction

5. Defendants incorporate their responses set forth in the prior paragraphs.

6. The allegations contained in this paragraph assert legal conclusions to which no response is required.

7. The allegations contained in this paragraph assert legal conclusions to which no response is required.

8. The allegations contained in this paragraph assert legal conclusions to which no response is required. To the extent that this paragraph is intended to assert factual allegations, they are denied.

## Venue

9. Defendants incorporate their responses set forth in the prior paragraphs.

10. The allegations contained in this paragraph assert legal conclusions to which no response is required.

## Parties

11. Defendants incorporate their responses set forth in the prior paragraphs.

12. Defendants are without knowledge sufficient to form a belief as to the truth of the first sentence contained in this paragraph, therefore that allegation is denied. Defendants

admit only that Golovan was a tenure-track Assistant Professor at the University's main campus, whose employment began September 1, 2008 and will end August 31, 2013.

13. Admitted.

14. Admitted.

15. Admitted.

16. The first sentence of paragraph 16 is admitted. The second sentence of paragraph 16 is denied as Dr. Morgan was Dean of the College of Agriculture and Natural Resources until July 31, 2012.

## Facts

17. Defendants incorporate their responses set forth in the prior paragraphs.

18. Defendants admit only that Golovan was a tenure-track Assistant Professor at the University's main campus, whose employment began September 1, 2008 and will end August 31, 2013.

19. Admitted based on information and belief.

20. Admitted based on information and belief.

21. Admitted based on information and belief.

22. Admitted that the University sent Golovan an employment retention letter in July 2008.

23. The allegations in this paragraph refer to a document, the contents of which speak for themselves, and therefore no response is required.

24. Denied.

25. Denied that the quoted excerpt constitutes "[t]he pertinent section of the retention letter."

26. Admitted only that Golovan's employment contract as an Assistant Professor was renewed following his 2-year review.

27. Admitted.

28. The allegations in this paragraph refer to a document, the contents of which speak for themselves, and therefore no response is required.

29. The allegations in this paragraph refer to a document, the contents of which speak for themselves, and therefore no response is required.

30. The allegations in this paragraph refer to a document, the contents of which speak for themselves, and therefore no response is required.

31. The allegations in this paragraph refer to a document, the contents of which speak for themselves, and therefore no response is required.

32. Denied.

33. Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, those allegations are denied.

34. Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, those allegations are denied.

35. Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, those allegations are denied.

36. The allegations contained in this paragraph assert a legal conclusion to which no response is required. Furthermore, Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, those allegations are denied.

37. The allegations contained in this paragraph assert a legal conclusion to which no response is required.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Admitted that Plaintiff received a poor evaluation; denied as to the insinuation that the evaluation was the product of anything but a legitimate review and consideration of Golovan's work and progress at the University.

46. Denied.

47. Denied.

48. Admitted only that Plaintiff's contract was not renewed after 4 years of employment at the University.

49. Denied.

50. Denied.

51. Denied.

52. Denied as stated. The terminal year will not be a typical fifth year of employment like Plaintiff suggests.

53. Denied.

54. Admitted.

55. The allegations in this paragraph refer to a document, the contents of which speak for themselves, and therefore no response is required.

56. The allegations in this paragraph refer to a document, the contents of which speak for themselves, and therefore no response is required.

57. Denied.

58. Denied.

59. The allegations in this paragraph refer to a document, the contents of which speak for themselves, and therefore no response is required.

60. The allegations in this paragraph refer to a document, the contents of which speak for themselves, and therefore no response is required.

61. Denied that Golovan's employment contract and the Faculty Handbook are in conflict.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. To the extent that allegations in this paragraph refer to documents, the contents of those documents speak for themselves, and therefore no further response is required.

72. To the extent that allegations in this paragraph refer to documents, the contents of those documents speak for themselves, and therefore no further response is required.

73. To the extent that allegations in this paragraph refer to documents, the contents of those documents speak for themselves, and therefore no further response is required.

74. Denied.

75. Denied.

76. Denied.

77. Admitted only that Dr. Morgan's term as Dean of the College of Agriculture and Natural Sciences ended July 31, 2012.

78. The allegations in this paragraph apparently refer to a document, the contents of which speak for themselves, and therefore no response is required.

79. Denied.

80. Admitted only that Plaintiff did file an appeal.

81. The allegations in this paragraph refer to a document, the contents of which speak for themselves, and therefore no response is required.

82. The allegations in this paragraph refer to a document, the contents of which speak for themselves, and therefore no response is required.

83. Admitted.

84. The allegations in this paragraph refer to a document, the contents of which speak for themselves, and therefore no response is required.

85. Denied.

86. Denied.

87. The allegations in this paragraph refer to a document, the contents of which speak for themselves, and therefore no response is required.

88. Denied. Admitted only that Dean Rieger denied Plaintiff's appeal.

89. The allegations in this paragraph refer to a document, the contents of which speak for themselves, and therefore no response is required.

90. Denied.

91. The allegations in this paragraph refer to a document, the contents of which speak for themselves, and therefore no response is required.

92. Denied.

93. Admitted.

94. Admitted.

95. The allegations contained in this paragraph assert legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

96. Admitted only that Golovan's teaching duties ended in May 2013 and that his employment at the University will end on August 31, 2013. To the extent further allegations exist in this paragraph, they are denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph, therefore the allegations are denied.

102. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph, therefore the allegations are denied.

103. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph, therefore the allegations are denied.

104. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph, therefore the allegations are denied.

105. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph, therefore the allegations are denied.

106. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph, therefore the allegations are denied.

107. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph, therefore the allegations are denied.

108. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph, therefore the allegations are denied.

109. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph, therefore the allegations are denied.

110. Denied.

111. Denied.

112. Denied.

113. Admitted only that Golovan's employment at the University will end on August 31, 2013 and that his teaching duties ended in May 2013. To the extent further allegations exist in this paragraph, they are denied.

114. Denied.

115. Denied.

## Count I

116. Defendants incorporate their responses set forth in the prior paragraphs.

117. The allegations contained in this paragraph assert legal conclusions to which no response is required.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

## Count II

122. Defendants incorporate their responses set forth in the prior paragraphs.

123. The allegations contained in this paragraph assert legal conclusions to which no response is required.

124. Denied.

125. Denied.

### First Affirmative Defense

The Complaint and each and every cause of action therein fails to state facts sufficient to constitute a claim upon which relief can be granted.

### Second Affirmative Defense

The damages claimed by Plaintiff, if any, were proximately caused by his own acts or omissions, barring any recovery against Defendants.

### Third Affirmative Defense

Plaintiff's claims are tardy and barred by the doctrine of laches.

### Fourth Affirmative Defense

Plaintiff failed to exhaust all administrative remedies available to him.

### Fifth Affirmative Defense

Plaintiff's prayers for injunctive relief are barred because he has an adequate remedy at law.

### Reservation of Rights

Defendants reserve the right to assert any and all additional affirmative defenses which may be determined during the course of discovery.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiff Serguei Golovan's Complaint in its entirety and grant such further relief as this Court deems proper.

**SAUL EWING LLP**

/s/ William E. Manning
William E. Manning (#697)
James D. Taylor (#4009)
Nichole C. Alling (#5577)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, Delaware 19899
Telephone: (302) 421-6800
Facsimile: (302) 421-6813
WManning@saul.com
JTaylor@saul.com
NAlling@saul.com

*Counsel for Defendants University of Delaware, Jack Gelb, Jr., Mark Rieger, and Robin Morgan*

June 14, 2013